IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STONECREST INCOME & OPPORTUNITY FUND I-LLC,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>JOHN W. LIVINGSTON, *et al.*,   )<br>)<br>Defendants.   )<br>) | CIVIL ACTION NO. 5:14-CV-394 (MTT) |

## ORDER

The Defendants have moved to dismiss the Plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Doc. 26). The Defendants specifically contend that the amount in controversy does not meet the statutory requirement pursuant to 28 U.S.C. § 1332. For the reasons stated below, the motion is **DENIED**.

### I.   BACKGROUND[1]

This action centers on a dispute over the Plaintiff's alleged easement rights over the Defendants' property. Defendant John W. Livingston ("J. Livingston") formerly owned the dominant estate's property before it was foreclosed on in 2011. (Doc. 4 at ¶¶ 9, 21, 51-52). In 2014, Plaintiff Stonecrest Income & Opportunity Fund I-LLC purchased the property. (*Id.* at ¶¶ 72-74). Stonecrest alleges that its property "has always been accessed by way of one or more drives which traverse properties now owned by J.

---

[1] The facts are taken from the allegations in the amended complaint (Doc. 4) and accepted as true for purposes of this motion.

Livingston and/or his family members," but the Defendants have blocked access to these drives. (*Id.* at ¶¶ 29, 66-67). Stonecrest's property is "landlocked and does not have direct access to a public right of way." (*Id.* at ¶ 54). Although the "easterly property line … borders" a highway, "direct vehicular and pedestrian access to and from the [property and the highway] is made virtually impossible by Rock Creek." (*Id.* at ¶ 55). This creek is 30 feet wide with steep 10-15 foot banks and "traverses the [p]roperty in a north/south direction between [the home on the property and the highway]." (*Id.* at ¶¶ 55-56).

Stonecrest alleges that without access to the Defendants' drives, direct access to its property and the home on the property "is impossible[ ] without constructing a bridge and new access road." (*Id.* at ¶ 57). Stonecrest alleges it has "obtained an estimate of a qualified engineer for the cost to construct such a bridge and access road[,] and the estimated cost of same is between $300,000.00 and $400,000.00, which does not include any cost to acquire a right of way off of [the highway]." (*Id.* at ¶ 58).

Stonecrest has filed the present lawsuit to request a declaration that (1) Stonecrest, by implication of law, is entitled to access its property "over, across and through one or more of the … drive(s) that traverse the [Defendants' property]"; (2) "the easement is perpetual in nature and is an appurtenance to the Subject Property"; (3) the cost to maintain the easement is to "be shared equally by each holder of an interest in the easement"; and (4) "Stonecrest's easement rights … are an appurtenance to the Subject Property … and its title to the Subject Property … be quieted." (*Id.* at pp. 25-26). Alternatively, Stonecrest requests "that the Court condemn an easement of access, ingress, and egress in [its] favor … not to exceed twenty (20) feet in width over

and across the Proposed Easement Area, or over and across other portions of the Servient Estate and/or the Crowley Tract." (*Id.* at p. 26). Stonecrest also seeks "monetary damages … for J. Livingston's breach of the general warranty of title in the Security Deed" and reasonable attorney's fees and expenses. (*Id.* at pp. 26-27).

## II.   DISCUSSION

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack." *Stalley v. Orlando Reg'l Heathcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted). "A facial attack on the complaint requires the court merely to look and see if [Stonecrest] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [its] complaint are taken as true for the purposes of the motion." *Id.* at 1232-33 (internal quotation marks and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233 (citation omitted). The Defendants here have not introduced any material extrinsic from the pleadings and simply attack the sufficiency of Stonecrest's allegations regarding the amount in controversy. Thus, the Court will look only to the complaint and its attached exhibits to determine whether Stonecrest has facially established subject matter jurisdiction.

An action based on diversity jurisdiction requires complete diversity between the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Stonecrest has the burden to allege facts establishing jurisdiction with sufficient particularity. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). "When a plaintiff seeks injunctive or declaratory relief, the

amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (internal quotation marks and citation omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *see also Viacom, Inc. v. Zebe*, 882 F. Supp. 1063, 1065 (S.D. Fla. 1995) ("[C]laims for injunctive relief must be measured in terms of the potential damages which such relief may prevent."). This is known as the "plaintiff-viewpoint rule." *See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 219 (11th Cir. 1997).

Other circuits that have adopted the plaintiff-viewpoint rule have further explained what constitutes the amount in controversy where a plaintiff seeks an injunction or declaration. For example, the Sixth Circuit has stated that the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Goldsmith v. Sutherland*, 426 F.2d 1395, 1398 (6th Cir. 1970). The Second Circuit has stated that from the plaintiff's standpoint "the amount in controversy is … 'the value of the suit's intended benefit' or the value of the right being protected or the injury being averted." *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2d Cir. 1972). Put another way,

> Where the plaintiff seeks injunctive relief, the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction. In calculating that impairment, the court may look not only at past losses but also at potential harm.

*A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87-88 (2d Cir. 1991) (citations omitted).

The Defendants ask the Court to narrowly define the object of the litigation as the value of the "easement itself," which Stonecrest has not alleged. (Docs. 26 at 3; 28 at 4). Stonecrest argues that this narrow definition ignores the value of the cost that it would save if the Court grants the requested relief, namely, the construction of a bridge across Rock Creek allegedly costing $300,000-$400,000. (Docs. 4 at ¶ 58; 27 at 4-6 & 5 n.1). The Court agrees that limiting the determination of the amount in controversy to the value of the easement itself ignores the whole "value of the right sought to be protected." *Seaboard Fin. Co. v. Martin*, 244 F.2d 329, 331 (5th Cir. 1957).[2] Rather, the whole of this value includes the potential cost to Stonecrest, or "the impairment," that would be prevented if the Court grants the requested relief.

For example, in *Glenwood Light & Water Co. v. Mutual Light, Heat, & Power Co.*, 239 U.S. 121, 124 (1915), the Supreme Court considered a plaintiff's request to enjoin the defendant from "maintaining its poles and wires on the same side of the alleys and streets as the those occupied by [the plaintiff's] poles and wires." The Court held that the jurisdictional amount was satisfied because the alleged expenses the plaintiff would incur without the injunctive relief met the jurisdictional requirement. *Id.* at 123-26. Likewise, in *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602, 604 (7th Cir. 2011), the Seventh Circuit considered two district courts' "declaration that [the [plaintiff's] easement to operate an oil pipeline under the defendant's property … [was] still in force." The Seventh Circuit affirmed the district courts' conclusions that the amount in controversy requirement was satisfied after the courts considered, *inter alia*,

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

the cost to the plaintiff of building a pipeline around the defendant's property should the requested declaration of easement rights be denied.[3]  *Id.* at 605.  These cases demonstrate that the value of the object of the litigation to the plaintiff includes consideration of the potential harm to the plaintiff to be prevented where an injunction or declaratory relief is sought.

Thus, the cost of building a bridge and new access road that Stonecrest seeks to avoid is part of the "value of the benefit that would flow to [Stonecrest] if the [declaratory relief] were granted."  *Cohen*, 204 F.3d at 1077.  And Stonecrest has sufficiently alleged that this cost is greater than the statutory minimum.  Accordingly, the Court has subject matter jurisdiction to review the controversy.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **DENIED**.  (Doc. 26).

**SO ORDERED**, this 3rd day of November, 2015.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[3] The Court acknowledges that the Seventh Circuit has adopted the "either viewpoint rule" whereby the "jurisdictional amount [is] assessed [by] looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief."  *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002).  *Enbridge* is nevertheless instructive because the court necessarily considered the amount in controversy from the plaintiff's viewpoint when it considered the cost to the plaintiff if the declaratory relief was denied.